UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVE WOODEN, : | |
| Petitioner, : | |
| : | Case No. 2:23-cv-1366 |
| v. : | |
| : | |
| SUPERINTENDENT JOSEPH TERRA; : | |
| PHILADELPHIA COUNTY DISTRICT : | |
| ATTORNEY'S OFFICE, : | |
| Respondents. : | |

# O P I N I O N
### Motion to Reopen Judgment, ECF No. 23 – Denied and Dismissed

**Joseph F. Leeson, Jr.**                                                                                                 **December 3, 2025**
**United States District Judge**

I.     **INTRODUCTION**

Petitioner Steve Wooden filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing ineffective assistance of counsel during the proceedings for his guilty plea to attempted rape and robbery and at his sentencing. Wooden asserted that his trial counsel was ineffective for failing to properly instruct him concerning the mandatory minimum sentence and for failing to present evidence of his mental health issues at sentencing. Wooden brings this Motion to Reopen Judgment pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(3), alleging judicial mistakes and fraud, and repeats his prior ineffectiveness claims. *See* ECF No. 23. For the reasons set forth below, the Motion to Reopen Judgment is denied and dismissed.

II.     **BACKGROUND**

    A.  **Factual Background**

On April 14, 2008, Wooden entered an open guilty plea in Pennsylvania state court to attempted rape and robbery. *See Commw. v. Wooden*, No. 2241 EDA 2021, 2022 WL 3591024, at *1 (Pa. Super. Ct. Aug. 23, 2022) ("*Wooden III*") (Wooden's amended Post-Conviction Relief Act (PCRA) claim). Wooden was advised during his on-record colloquy that because of his prior robbery conviction he faced a mandatory minimum sentence of ten to twenty years' imprisonment for each count. *See id.* After Wooden acknowledged that he understood, the trial court accepted his plea and deferred sentencing for Wooden to undergo a presentence investigation (PSI) and a mental health evaluation (MHE). *See id.* At Wooden's sentencing, the trial court determined that Wooden was a sexually violent predator (SVP) and sentenced him to consecutive terms of ten to twenty years' imprisonment for each offense, for an aggregate sentence of twenty to forty years' imprisonment. *See id.*

    B.  **Procedural History**

Wooden filed his first PCRA petition in November 2012, and the PCRA court dismissed the petition in February 2018. *See Commw. v. Wooden*, 215 A.3d 997, 999 (Pa. Super. Ct. 2019) ("*Wooden I*") (Wooden's first PCRA appeal). The Superior Court reversed the PCRA court's dismissal because Wooden was never given notice of the intent to dismiss. *See id.* at 1000-01.

Wooden filed an amended PCRA petition asserting ineffective assistance of counsel because his plea counsel allegedly misadvised him that he would be sentenced to five to ten years' imprisonment and failed to investigate mitigating evidence about his mental health issues. *See Wooden III*, 2022 WL 3591024, at *1. The PCRA court dismissed Wooden's two ineffectiveness claims. *See Commw v. Wooden,* No. 51-9452 (Phila. Cnty. Ct. C.P. Oct. 19,

2021) ("*Wooden II*").  On August 23, 2022, the Superior Court affirmed the PCRA court.  *See Wooden III*, 2022 WL 3591024, at *4-5.

On April 10, 2023, Wooden filed a counseled habeas corpus petition pursuant to 28 U.S.C. § 2254 in this Court.  *See* Pet., ECF No. 1; Am. Pet., ECF No. 2.  Wooden argued first that his trial counsel was ineffective for "incorrectly advising Wooden that he would receive a sentence of 5 to 10 years if he ple[]d guilty," when he actually received a sentence of twenty to forty years' imprisonment.  Am. Pet. 6.  Wooden also alleged that his trial counsel was ineffective for failing to present Wooden's mental health issues at his sentencing.  *See id.*  On March 27, 2024, United States Magistrate Judge Carol Sandra Moore Wells issued her Report and Recommendation ("R&R") concluding that Wooden's claims lacked merit.  *See* R&R, ECF No. 12.  On September 23, 2024, this Court adopted the R&R, in part,[1] overruling Wooden's objections, denying and dismissing Wooden's petition, and closing the case.  *See Wooden v. Terra*, No. 23-1366, 2024 WL 4266748 (E.D. Pa. Sept. 23, 2024) ("*Wooden IV*").  This Court found that Wooden knew that he faced a ten-year mandatory minimum sentence on each count, which could run consecutively or concurrently.  *See id.* at *3-4.  This Court also found that the Superior Court's decision about Wooden's mental health issues was not based on an unreasonable application of clearly established Federal law.  *See id.* at *5.

Wooden filed an application for a certificate of applicability on September 29, 2024.  *See* Mot. 2, ECF No. 23.  The United States Court of Appeals for the Third Circuit denied the certificate of applicability on January 10, 2025.  *See id.*; *see also Wooden v. Supt. Phoenix SCI*, No. 24-2821, 2025 WL 959918, at *1 (3d Cir. Jan. 10, 2025).  Wooden filed a motion for

---

[1]   This Court agreed that both claims lacked merit, but denied the ineffectiveness claim at sentencing for different reasons than those discussed in the R&R.

reconsideration, *en banc*, on January 16, 2025. *See* Mot. 2.; (citing Mot. for Reconsideration, No. 24-2821, ECF No. 12). The Third Circuit denied his request on February 4, 2025. *See* Mot. 3; (citing Ord. Denying Mot. for Reconsideration, No. 24-2821, ECF No. 17).

On October 7, 2025, Wooden, through counsel, brought this Motion to Reopen Judgment, citing Rules 60(b)(1) and 60(b)(3), which is the subject of this Opinion. *See* Mot. Wooden raises two arguments. First, Wooden alleges that the Magistrate Judge erred in her R&R when she ruled that "[Wooden] was challenging his Maximum sentence when actually [his] argument was based on not being advised of a (20) year Mandatory/Minimum sentence." *Id.* at 3. Second, Wooden alleges that fraud was committed, "whether by mistake or purposefully," surrounding the destruction and unavailability of his MHE and PSI. *Id.* at 8-12.

### III.  LEGAL STANDARD

#### A.  Motion for Relief under Rule 60(b) - Review of Applicable Law

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c).  "Mistakes" in Rule 60(b)(1) include judicial errors of law.  *See Kemp v. United States*, 596 U.S. 528, 539 (2022).

### B.  Successive Petitions under 28 U.S.C. § 2254

Before a petition may file second or successive habeas corpus petition in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  "A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition 'acts as a jurisdictional bar.'"  *Blystone v. Horn*, 664 F.3d 397, 411-12 (3d Cir. 2011) (citation omitted).

## IV.  DISCUSSION

### A.  Timeliness

Wooden's Motion is untimely.  "Motions under Rule 60(b)(1)-(3) must be brought within one year of the entry of a final judgment."  *Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1346 n.5 (3d Cir. 1987); *see also Lusick v. Lawrence*, 439 F. App'x 97, 99 (3d Cir. 2011).  "An appeal does not toll this time period."  *Id.* (citing Fed. R. Civ. P. 60(c)).

Here, this Court issued its Opinion and Order denying and dismissing Wooden's habeas petition on September 23, 2024.  *See Wooden III*, 2024 WL 4266748, at *1, ECF Nos. 17-18. Wooden filed the present Motion pursuant to Rules 60(b)(1) and (b)(3) on October 7, 2025, more than one year after this Court's Order dismissing his habeas petition.  Wooden's Motion is therefore time-barred.  *See Moolenaar*, 822 F.2d at 1346 n.5 (vacating the district court's decision to reopen judgment because the defendant's motion for relief under Rules 60(b)(1)-(3)

was time barred). This Court thus dismisses Wooden's Motion as untimely. Even if Wooden's Motion were timely filed, the Motion fails on its merits.

  **B.**  **Wooden's 60(b)(1) Motion**

  Wooden's allegation that this Court and the Magistrate Judge were mistaken is without merit. Wooden maintains the Magistrate Judge and this Court erred by "ruling that [Wooden] was challenging his Maximum sentence, when actually [his] argument was based on not being advised of a (20) year Mandatory/Minimum sentence." *See* Mot. 3. Initially, Wooden misrepresents the construction of his claim. The R&R and this Court's Opinion identified Wooden's claim as "plea counsel was ineffective for incorrectly advising him that he would receive a sentence of five to ten years if he entered an open guilty plea." *See* R&R 2, ECF No. 12; Opn. 2, ECF No. 17. This construction is consistent with Wooden's habeas petition, which alleged that "[c]ounsel was ineffective for incorrectly advising Wooden that he would receive a sentence of 5 to 10 years if he plead guilty when in fact he could only be sentenced to (a) 10-20 years or (b) 20-40 years." Am. Pet. 6. Thus, this Court made no mistake in this regard.

  Moreover, both the Magistrate Judge and this Court considered whether Wooden was advised of both his mandatory minimum *and* his maximum sentences. Contrary to counsel's suggestion, Wooden never faced a twenty-year mandatory minimum sentence. This Court noted in its Opinion that Wooden signed a written guilty plea colloquy outlining the permissible range of sentence for each offense as a *minimum of ten* to a *maximum of twenty* years of incarceration. *See Wooden IV*, 2024 WL 4266748, at *3 (emphasis added). This Court found that Wooden's sentencing counsel advised him that he could receive a mandatory minimum sentence of ten years on each count, to run either *consecutively* or *concurrently*. *See id.* at *3-4 (emphasis

added).  This Court cited two exchanges to demonstrate that Wooden knew the consequences of his plea:

> MR. CONROY (trial counsel): And it has been agreed to between me, yourself, and the district attorney. And in that agreement, you are to plead guilty to attempted rape in the first degree, and robbery in the first degree. Now, on both of these charges you can receive 10 to 20 years. Now, there has been no agreement between myself, yourself, and the district attorney as to how many of those years you are to serve. That is going to be solely left up to the Judge as part of the agreements, okay?
> THE DEFENDANT: Yes.
> MR. CONROY: Now, they can run that what's called "consecutively" 10 to 20, and then 10 to 20; or they can run "concurrently" together, 10 to 20. So they can combine the cases to make it 10 to 20, or they can go from end to end and you could serve up to 40 years of incarceration. Do you understand that?
> THE DEFENDANT: Yes.
> ...
> MR. DAVIS (prosecuting assistant district attorney): Your Honor, could I ask one question before we move away from the colloquy stage?
> THE COURT: Yes.
> MR. DAVIS: Mr. Wooden, I'm Bill Davis, the assigned ADA prosecuting your case. You may have already talked to your lawyer about this, but I just want to make sure that the record is clear: You do know that the minimum sentence that you could get because of your prior record is 10 to 20 years in this case. Do you understand that?
> THE DEFENDANT: Yes
> MR. DAVIS: And you're aware that it's up to the Judge to go above that or impose that, but he can't go below that. Do you understand that?
> THE DEFENDANT: Yes.

*Id.* at *3-4.  Accordingly, this Court did not make any mistakes.  Wooden's Motion under Rule 60(b)(1) is without merit.

### C.    Wooden's Rule 60(b)(3) Motion

Wooden relies on Rule 60(b)(3), which permits courts to provide relief from judgment based on fraud committed by the opposing party.  Under Rule 60(b)(3), Wooden's Motion fails.  To the extent that Wooden's fraud claim also broaches the same ineffectiveness arguments as his habeas petition, he improperly presents a successive 2254 Motion.

1. **Fraud claim**

Rule 60(b)(3) provides that a party may obtain relief if the opposing party engaged in fraud, misrepresentation, or misconduct. *See* Fed. R. Civ. P. 60(b)(3). To prevail under Rule 60(b)(3), the moving party "must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983) (citations omitted). "[T]o sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing." *Brown v. Pa. R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960). "Uncorroborated, self-serving statements do not satisfy the 'clear and convincing' standard necessary to sustain a motion under Rule 60(b)(3)." *Umansky v. Melton Int'l Tackle, Inc.*, No. 17-4712, 2019 WL 5418050, at *8 (E.D. Pa. Oct. 23, 2019) (citation omitted).

Wooden has not shown by clear and convincing evidence that "fraud was committed" by an opposing party. In fact, nothing is clear or convincing about counsel's fraud argument. Wooden's counsel begins the fraud section of his brief stating that this Court, with respect to this issue of Wooden's mental health diagnosis, denied his 2254 petition reasoning that his affidavit in the PCRA Court did not specify what information about his mental health was included in the PSI and other documentation. *See* Mot. 7-8. He then cites to a letter dated May 29, 2025, from Wooden's civil attorney providing Wooden with copies of, *inter alia*, his PSI. *See id.* (citing Ex. D).[2] Counsel then avers that "[t]he reason the various named documents were not included in the court filings was the result of the Clerk of Court the District Attorney's Office stating the

---

[2] Although counsel cites to Exhibit D, the letter to which he refers is the second page of Exhibit C.

various named legal documents were destroyed. (See Exhibit E:). Letter from Court Reporter, Digital Recording and Interpreter Administration. (June 22, 2016))" [sic]. *See id.*[3]

Initially, there is no such person as "the Clerk of Courts of the District Attorney's Office." The person to whom counsel refers as the author of the June 22, 2016 letter was a court reporter, who is not an "opposing party." *See* Fed. R. Civ. P. 60(b)(3) (allowing the court to reopen judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct *by an opposing party*" (emphasis added)). Moreover, the letter states that the notes of testimony from the sentencing hearing were no longer available. *See* Ex. D (explaining that court hearings are maintained for seven years before being disposed of). There is no mention of the MHE or PSI in the letter, nor does counsel's May 29, 2025 letter mention the sentencing transcript. *See* Exs. D-E. Accordingly, the suggestion by Wooden's counsel that the May 29, 2025 letter is evidence of fraud in the June 22, 2016 letter is unfounded. Moreover, Wooden, citing a letter authored almost seven (7) years before the above-captioned action was initiated, does not allege that fraud was perpetrated upon this Court. *See Gonzalez v. Smith*, No. 20-2844, 2023 WL 3767735, at *5 (E.D. Pa. June 1, 2023) (concluding that the petitioner failed to meet the Rule 60(b)(3) standard because he was alleging fraud in state court proceedings, not fraud on the habeas federal court).

This Court denies Wooden's motion for relief under Rule 60(b)(3).

2. **Ineffectiveness claim**

To the extent that Wooden's Motion alleges his trial counsel was ineffective for failing to present the PSI and MHE at his sentencing, it is a successive 2254 Motion. *See Gonzalez*, 545 U.S. at 532 n.5. "When a motion is filed in a habeas case under a Rule 60(b). . . label, the district

---

[3]   Counsel cites to Exhibit E for the June 22, 2016 letter, but this letter is Exhibit E.

court must initially determine whether the motion is actually a 'second or successive' habeas petition within the meaning of § 2244(b)." *Davenport v. Brooks*, No. 06-5070, 2014 WL 1413943, at *3 (E.D. Pa. Apr. 14, 2014) (citing *Gonzalez,* 545 U.S. at 530); *see also Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005) (barring "claims that could have been raised in an earlier habeas corpus petition"); *Sharpe v. U.S., Crim*. No. 02–771, 2010 WL 2572636, at *2 (E.D. Pa. June 22, 2010) (finding that "a petitioner cannot relitigate the merits of his habeas petition under the guise of a Rule 60(d) motion")).

Wooden did not have permission from the Third Circuit before filing the instant Motion. *See* 28 U.S.C. § 2244(b)(3)(A). Accordingly, this Court does not have jurisdiction to entertain Wooden's ineffectiveness claim, and it is dismissed.

## V.   CONCLUSION

Wooden's Motion to Reopen Judgment is denied and dismissed. Initially, the Motion is denied as untimely. Even if it were not untimely, to the extent that the Motion alleges that sentencing counsel was ineffective for failure to broach the PSI and MHE at Wooden's sentencing, it is dismissed as a successive 2254 Motion. Wooden's allegations of fraud upon this Court are without merit. Wooden's allegations of judicial mistake are also without merit. Wooden's Motion is denied and dismissed.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge